IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LAWRENCE L. HOWARD,
Petitioner,

v.

WARDEN OF USP MARION and
DONALD HUDSON,
Respondents.

Case No. 19–CV–01175–JPG

**MEMORANDUM & ORDER**

  Before the Court is Petitioner Lawrence L. Howard's Petition for Writ of Habeas Corpus. (ECF No. 1). Respondents Warden of USP Marion and Donald Hudson responded, (ECF No. 16); and Howard replied, (ECF No. 19). For the reasons below, the Court **DENIES** Howard's Petition.

 **I. PROCEDURAL & FACTUAL HISTORY**

  In 2013, a St. Louis police officer received a tip that "Howard was storing and selling narcotics, specifically crack cocaine, and firearms, at his residence." (Presentence Investigation Report at 5, *United States v. Howard*, No. 13-CR-00316–1–JAR, ECF No. 47 (E.D. Mo. Jan. 1, 2014). A warrant search later revealed heroin, crack-cocaine, cocaine powder, a semiautomatic rifle, and "a firearm magazine with fourteen live rounds of ammunition" in Howard's residence. (*Id.* at 5–6).

  This conduct led to two prosecutions, one brought by the Federal Government and another by the State of Missouri. (*See* Judgment at 2, *United States v. Howard*, No. 13-CR-00316–1–JAR, ECF No. 51 (E.D. Mo. Feb. 11, 2014)). The State also sought revocation of Howard's parole based on prior drug-trafficking convictions. (*See id.* at 11–16).

Howard then received three sentences in three separate cases. *First*, Howard was transferred to federal custody through a *writ of habeas corpus ad prosequendum* and received a 92-month federal sentence. (Writ of Habeas Corpus Ad Prosequendum at 1, *United States v. Howard*, No. 13-CR-00316–1–JAR, ECF No. 6 (E.D. Mo. Aug. 6, 2013); Judgment at 2, *United States v. Howard*, No. 13-CR-00316–1–JAR, ECF No. 51 (E.D. Mo. Feb. 11, 2014)). The federal judge recognized that Howard was also going to receive two State sentences, so he clarified that the 92-month federal sentence would run **consecutive** to the State sentence for the parole violation(s) and **concurrent** to the State sentence in the parallel prosecution. (Judgment at 2, *United States v. Howard*, No. 13-CR-00316–1–JAR, ECF No. 51 (E.D. Mo. Feb. 11, 2014)).

*Second*, Howard was transported back to State custody and received a 15-year State sentence in the parallel prosecution. (Judgment at 2, *Missouri v. Howard*, No. 1322-CR000979-01 (Mar. 7, 2014), available at ECF No. 16-1).

*Finally*, Howard immediately began serving six-years for the parole violations. (*See* Face Sheet at 3–4, ECF No. 16-1).

In 2019, Howard finished the sentence on the parole violation and was transferred to federal custody to begin the 92-month federal sentence. (Letter from State Parole Officer to U.S. Marshal Eastern District at 1, ECF No. 16-1). But he now says that the federal judge erred by making the federal sentence run **consecutive** to the State sentence for the parole violation. (Petition at 1). In brief, he wants the time served for the parole violation to count toward the 92-month federal sentence. (*Id.*). So he filed a Motion to Correct Clerical Error with the federal sentencing judge: "Setting the two cases to both run concurrently with the federal sentence meets the intent of both the State's convictions and this Court's direction at the sentencing hearing." (Mot. to Correct Clerical Error at 1, *United States v. Howard*, No. 13-CR-00316–1–JAR, ECF No. 63 (E.D. Mo.

June 17, 2019)). The judge disagreed, however, "find[ing] that no error was made on the Judge and the Sentence is correct." (Order at 1, *United States v. Howard*, No. 13-CR-00316–1–JAR, ECF No. 64 (E.D. Mo. July 7, 2019)).

Then, while incarcerated at the U.S. Penitentiary in Marion, Illinois (within this District), Howard sought relief through the Bureau of Prisons and the U.S. Probation Office, who also declined to recalculate his sentence:

> On February 11, 2014, you were sentenced on the instant offense to a term of 92 months imprisonment in the Bureau of Prisons. This term was ordered to run concurrent with Docket No.: 1322-CR00979-01; and consecutive to Docket Nos.: 22051-CR22667-01, 0622-CR03419, 2107R-794-01 and 0822-CR06855-01, which were pending parole violations at that time. Following federal sentencing, you were returned to primary state custody and on March 7, 2014, you were sentence under Docket No.: 1322-CR00979-01 to a term of 15 years incarceration
>
> On April 2, 2014, you were transferred to the Missouri Department of Corrections for commencement of your sentence under Docket No.: 1322-CR00979-01, and your parole violations under Docket Nos.: 22051-CR2667-01, 0622-CR03419, 2107R-794-01 and 0822-CR06855-01, all [of] which were revoked the same date. You thereafter remained in the Missouri department of Corrections until the sentences under Docket Nos.: 22051-CR2667-01, 0622-CR03419 and 2107R-794-01 ultimately expired, and you were later released on parole under Docket No.: 0822-CR06855-01 (and Docket 1322-CR00979-01) to the Bureau of Prisons on February 20, 2019.
>
> As your sentence for the instant offense was ordered to run consecutive to your parole revocations under Docket Nos.: 22051-CR2667-01, 0622-CR03419, 2107R-794-01 and 0822-CR06855-01, your term of imprisonment in the Bureau of Prisons could not commence until your release from custody on the last of those sentences, namely Docket No.: 0822-CR06855-01. As such, it appears your sentence has been calculated correctly [by] the Bureau of Prisons.

(Letter from U.S. Probation Office to Howard at 1, ECF No. 16-6).

Now, Howard seeks relief here by petitioning for a writ of habeas corpus under 28 U.S.C. § 2241. (Petition at 1).

## II. LAW & ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.' " *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *INS v. St. Cyr*, 533 U.S. 289, 301 (2001).

Here, Howard argues that the "district court lacked jurisdiction to run consecutive parole violation(s) that were pending." (Howard's Reply at 10). The Court disagrees.

The Supreme Court addressed this question in *Setser v. United States* and held that "a district court, in sentencing a defendant for a federal offense, has authority to order that a federal sentence be consecutive to an anticipated state sentence that has not yet been imposed." 566 U.S. 231, 233, 244–45 (2012). There, the petitioner was indicted in Texas court for drug charges. *Id.* at 233. At the time, he was "serving a 5-year term of probation imposed by a Texas court for another offense." *Id.* Then, "[a]s often happens in drug cases, the federal authorities got involved." *Id.* After the petitioner pleaded guilty to the federal charges, the federal judge "made the sentence of 151 months that it imposed **consecutive** to any state sentence imposed for probation violation, but **concurrent** with any state sentence imposed on the new drug charge." *Id.* (emphasis added). In affirming the district court, the Supreme Court began by recognizing that "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been

imposed in other proceedings, including state proceedings." *Id.* at 236. And "nothing in the Sentencing Reform Act, or in any other provision of law" reflects "that Congress foreclosed the exercise of district courts' sentencing discretion int these circumstances." *Id.* at 236–37. This view, the Court explained, tracks traditional "principles of federalism":

> In our American system of dual sovereignty, each sovereign—whether the Federal Government or a State—is responsible for the administration of its own criminal justice system. If a prisoner . . . starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody. And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter. Given this framework, it is always more respectful of the State's sovereignty for the district court to make its decision up front rather than for the Bureau of Prisons to make the decision *after* the state court has acted. That way, the state court has all of the information before it when it acts

*Id.* at 241 (emphasis in original) (cleaned up). Simply put, the federal judge acted within his discretion when he imposed a sentence running consecutively to a then-pending State sentence.

Howard also argues that the State of Missouri "intentionally relinquishe[d] custody" over him through the *writ of habeas corpus ad prosequendum*. (Petition at 3). But the writ only confers "limited jurisdiction over the 'borrowed' prisoner," who "is still under the jurisdiction of the sending sovereign, and is considered to be in the custody of the sending sovereign not the receiving sovereign." *Jake v. Herschberger*, 173 F.3d 1059, 1062 n.1 (7th Cir. 1999). In other words, the State of Missouri did not relinquish custody over him when he appeared in federal court through the *writ of habeas corpus ad prosequendum*; and Howard properly began serving the sentence for the parole violations after he received the federal sentence.

— 6 —

### III.  CONCLUSION

The Court **DENIES** Petitioner Lawrence L. Howard's Petition for Writ of Habeas Corpus.

**IT IS SO ORDERED.**

**Dated: Thursday, March 25, 2021**

<u>**S/J. Phil Gilbert**</u>
**J. PHIL GILBERT**
**UNITED STATES DISTRICT JUDGE**